The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JESSICA ZARETZKE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE BOEING COMPANY,<br>a Washington company,<br><br>Defendant. | Case No. 2:17-cv-00971-JLR<br><br>**DEFENDANT THE BOEING COMPANY'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>**NOTE ON MOTION CALENDAR: SEPTEMBER 14, 2018**<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANT THE BOEING COMPANY'S
MOTION TO ENFORCE SETTLEMENT
AGREEMENT
(No. 17-00971-JLR)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

    Defendant the Boeing Company ("Boeing") hereby submits its Motion to Enforce Settlement Agreement with Plaintiff Jessica Zaretzke ("Plaintiff") (Boeing and Plaintiff are collectively referred to as the "Parties"). In support thereof, Boeing states as follows:

    1.    Plaintiff filed her original complaint in this case on June 5, 2017, which alleged: (1) discrimination because of her sex (RCW 49.60.30; RCW 49.60.210); (2) retaliation (RCW 49.60.210); and (3) wrongful termination. Dkt. 1-2. On June 27, 2017, Boeing removed the case to the above-entitled Court. Dkt. 1.

    2.    At the time this case was filed, Plaintiff was represented by George O. Tamblyn, Vera P. Fomina, and Gregory M. Skidmore, of Mercer Island Law Group, PLLC. Dkt. 1-2.

    3.    On March 9, 2018, George O. Tamblyn of Mercer Island Law Group filed a Notice of Withdrawal stating that "effective March 2, 2018, George O. Tamblyn of Mercer Island Law Group PLLC, hereby withdraws as counsel of record for Plaintiff, Jessica Zaretzke. Skidmore & Fomina, PLLC, remain attorneys of record for the Plaintiff." Dkt. 18.

    4.    On April 3, 2018, George O. Tamblyn of Mercer Island Law Group filed a Claim of Attorney's Lien Against The Boeing Company. Dkt. 19. Mr. Tamblyn "claimed the lien for unpaid fees for services rendered to Jessica Zaretzke in th[is] action in the amount of up to 45% of the gross recovery on the basis of the contingent fee agreement entered into by the undersigned attorney and Jessica Zaretzke, together with interest." *Id*.

    5.    On June 4, 2018, the Parties mediated this action, agreed to a settlement, and executed a Memorandum of Material Terms Subject to CR 2A (the "Settlement Agreement"). *See* Declaration of Nancy Villarreal In Support of Defendant's Motion to Seal ("Villarreal Decl. ISO Motion to Seal"), ¶ 2, Exh. A.

    6.    As part of the settlement, the Parties agreed that disbursement of settlement funds would be contingent upon the filing of a Release of Claim of Attorney's Lien Against the Boeing Company filed by Mercer Island Law Group and that said release would constitute a full and complete release by Mercer Island Law Group of any and all claims it might have for attorneys'

DEFENDANT THE BOEING COMPANY'S
MOTION TO ENFORCE SETTLEMENT
AGREEMENT - 1
(No. 17-00971-JLR)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

fees, costs, or any other expenses related to this case. *Id*. ¶¶ 2-3, Exh. A.

7. On June 13, 2018, Plaintiff's counsel requested that Boeing retain the attorneys' fee portion of the settlement funds, or deposit the attorneys' fee portion into the court registry, pending resolution of an attorneys' fee dispute between Mercer Island Law Group and Skidmore & Fomina. Declaration of Nancy Villarreal In Support of Motion to Enforce ("Villarreal Decl. ISO Motion to Enforce"), ¶ 2, Exh. B. Plaintiff's counsel stated that she did "not know how long the dispute as to attorneys' fee distribution will take." *Id*.

8. On June 18, 2018, Boeing responded stating that Boeing could not release the settlement funds until the lien issue was resolved and the lien release filed, as agreed at mediation. Boeing stated that it hoped Mercer Island Law Group and Skidmore & Fomina could resolve their fee dispute quickly. Villarreal Decl. ISO Motion to Enforce, ¶ 3, Ex. C.

9. On July 9, 2018, Mercer Island Law Group filed a Release of Attorney's Lien Against The Boeing Company, which stated that Mercer Island Law Group was releasing the attorney's lien that Mercer Island Law Group made on April 3, 2018. Dkt. 20. In addition, the Release of Attorney's Lien Against The Boeing Company stated the "lien release is made pursuant to, and governed by, the terms of a binding CR 2A Agreement dated July 2, 2018."[1] Dkt. 20.

10. On July 12, 2018, Plaintiff's counsel requested that Boeing release the attorneys' fee portion of the settlement funds to a different law firm, Smith & Hennessey, while Mercer Island Law Group and Skidmore & Fomina resolved their attorneys' fee dispute. Villarreal Decl. ISO Motion to Enforce, ¶ 4, Exh. D. On July 17, 2018, Boeing stated that, as it had previously advised Plaintiff, the attorneys' fee dispute needed to be resolved before Boeing could release the settlement funds. Boeing stated that it hoped both firms would continue to work on resolving the attorneys' fee issue quickly. *Id*., ¶ 5, Exh. E.

---

[1] It appears the referenced date of July 2, 2018 is an error and that Mercer Island Law Group intended to reference the "CR 2A Agreement" between the Parties dated June 4, 2018.

DEFENDANT THE BOEING COMPANY'S
MOTION TO ENFORCE SETTLEMENT
AGREEMENT - 2
(No. 17-00971-JLR)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1   11. On July 30, 2018, Plaintiff's counsel requested the trial in this matter be continued by three months given the attorneys' fee dispute between Mercer Island Law Group and Skidmore & Fomina. Villarreal Decl. ISO Motion to Enforce, ¶ 6.

12. On August 2, 2018, Plaintiff's counsel requested six months instead of three months in order to allow Skidmore & Fomina and Mercer Island Law Group to resolve the attorneys' fee dispute. Villarreal Decl. ISO Motion to Enforce, ¶ 7, Exh. F. Boeing responded that Boeing would not be joining Plaintiff's motion to continue the case deadlines given the Parties had settled the case in June 2018 and Mercer Island Law Group and Skidmore & Fomina had had more than two months to resolve their fee dispute. *Id.* ¶ 8, Exh. G. Boeing stated it did not believe further delaying closure of the case was warranted. *Id.*

13. On August 21, 2018, the Parties met and conferred telephonically regarding Boeing's Motion to Seal and Motion to Enforce Settlement. Following the call, Plaintiff requested copies of both motions and advised that Skidmore & Fomina, and Mercer Island Law Group, might be willing to stipulate to said motions. Villarreal Decl. ISO Motion to Enforce, ¶ 9. Boeing provided both firms drafts of its Motion to Seal and Motion to Enforce Settlement. In response, Skidmore & Fomina stated they believed the motions were unnecessary and provided a copy of the draft settlement agreement signed by Plaintiff, to which Plaintiff made substantive modifications. Notably, Plaintiff removed language from the draft settlement agreement stating that Mercer Island Law Group's lien release would be a full and complete release by Mercer Island Law Group of any and all claims Mercer Island Law Group has, or might have, for attorney's fees, costs, or any other expenses relating to this action. Mercer Island Law Group responded to the request to join in Boeing's motions by stating that it "accepts the proposed order." *Id.*

14. Skidmore & Fomina's response and handling of the attorneys' fee dispute between Mercer Island Law Group and Skidmore & Fomina highlights the need for Boeing to obtain an order to enforce the Settlement Agreement, consistent with the terms discussed below.

DEFENDANT THE BOEING COMPANY'S
MOTION TO ENFORCE SETTLEMENT
AGREEMENT - 3
(No. 17-00971-JLR)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

15. "Compromises of disputed claims are favored by the courts." *Williams v. First Nat. Bank of Pauls Valley*, 216 US 582, 595 (1910). "It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). "To be enforceable, a settlement agreement must meet two requirements: (1) it must be a complete agreement and (2) both parties must have agreed to its terms or authorized their representatives to settle the case." *Nielsen v. Unum Life Ins. Co. of Am.*, No. C13-1717RSM, 2016 WL 4063970, at *1 (W.D. Wash. Jan. 4, 2016) (citing *McKelvey v. Am. Seafoods*, No. C99-2108L, 2000 WL 33179292, at *1 (W.D. Wash. Apr. 7, 2000) (citations omitted). "Normally, if a party enters into a settlement agreement knowingly and voluntarily, the agreement is treated as a binding contract." *Arnold v. United States*, 816 F.2d 1306, 1309 (9th Cir. 1987).

16. Here, the Settlement Agreement satisfies the foregoing requirements, and thus, is enforceable. The Settlement Agreement is complete in that it sets forth the amount and other material terms of the settlement. Moreover, the Parties signed the Settlement Agreement. *See* Villarreal Decl. ISO Motion to Seal, Exh. A. The only outstanding issue is the attorneys' fee dispute between Skidmore & Fomina and Mercer Island Law Group, which Plaintiff's counsel has indicated is expected to remain unresolved for an undefined amount of time.

17. Accordingly, given the Parties settled this case more than two months ago, given the uncertainty regarding when the attorneys' fee dispute will be resolved between Skidmore & Fomina and Mercer Island Law Group, and to bring closure to this case, Boeing hereby requests the Court (1) issue an order enforcing the Parties' Settlement Agreement; (2) order Plaintiff to advise Boeing of the amount of the settlement to be designated as attorneys' fees within seven days of the Court's order; (3) order the Parties to finalize and execute a formal settlement agreement consistent with the Parties' Memorandum of Material Terms Subject to CR 2A dated June 4, 2018 within fourteen days of the Court's order on this Motion; and (4) order that Boeing will not be held liable to Plaintiff, Mercer Island Law Group, PLLC, or Skidmore & Fomina,

DEFENDANT THE BOEING COMPANY'S
MOTION TO ENFORCE SETTLEMENT
AGREEMENT - 4
(No. 17-00971-JLR)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

PLLC, for any attorneys' fees, costs, or other expenses relating to this case, other than those set forth in the long form settlement agreement to be executed by the Parties within fourteen days of the Court's order.

Dated: August 27, 2018.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Laurence A. Shapero*
Laurence A. Shapero, WSBA #31301
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Phone: 206-876-5301
Fax: 206-693-7058
Email: Laurence.shapero@ogletree.com

By: */s/ Nancy Villarreal*
Clifford D. Sethness, WSBA #14110
Nancy Villarreal (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA  90071-3132
Telephone:   (213)612-2500
Facsimile:     (213)612-2501
Email:     clifford.sethness@morganlewis.com
              nancy.villarreal@morganlewis.com

*Attorneys for Defendant*

DEFENDANT THE BOEING COMPANY'S MOTION TO ENFORCE SETTLEMENT AGREEMENT - 5
(No. 17-00971-JLR)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2018, I electronically filed the foregoing document with the clerk of the U.S. District Court for the Western District of Washington at Seattle using the electronic case filing system of the court.

_____
Monet R.A. Torres

DB2/ 34141231.3

DEFENDANT THE BOEING COMPANY'S
MOTION TO ENFORCE SETTLEMENT
AGREEMENT - 6
(No. 17-00971-JLR)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058