The Honorable James J. Robart

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON (SEATTLE)

| | |
|---|---|
| JESSICA ZARETZKE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE BOEING COMPANY.,<br>a Washington Corporation,<br><br>Defendant. | **Civil Action No.:** 2:17-cv-00971 JLR<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>**NOTED ON MOTION CALENDAR: SEPTEMBER 14, 2018** |

## I.  INTRODUCTION

Defendant the Boeing Company ("Boeing") seeks relief in the form of an order on three issues. No such relief is warranted in this case.

First, Boeing seeks an order enforcing the parties' CR2A settlement agreement dated June 4, 2018, and directing Plaintiff Jessica Zaretzke ("Plaintiff") to execute a final form of settlement agreement. However, Plaintiff has fully complied with her obligations under the CR2A agreement, and has provided Boeing with an executed copy of a final settlement agreement consistent with the terms of

the CR2A.  By contrast, Boeing itself is in breach of the agreement because it has failed to execute a final form of settlement agreement for reasons that are unclear to Plaintiff.

Second, Boeing asks this Court to order Plaintiff to advise Boeing of the amount of the attorneys' fees to which Plaintiff's counsel is entitled in this matter.  Plaintiff has provided Boeing with this information on multiple occasions both before and after the filing of Boeing's Motion to Enforce.

Third, Boeing asks this Court to issue an order declaring that Boeing will not be held liable to Plaintiff or her attorneys for any attorneys' fees or expenses relating to this case.  Boeing's request lacks any legal basis because Plaintiff does not dispute her obligation to provide a full release of her claims – including claims for attorneys' fees and costs – to Boeing after Boeing fulfills its obligations under the parties' settlement agreement by funding the settlement.  The sole attorneys' lien which was filed in this case by Mercer Island Law Group PLLC ("MILG") has been fully released.  No other attorneys' liens are on record.  Given this, no justiciable controversy exists for this Court to adjudicate, apart from Boeing's own failure to fulfill its obligations under the parties' CR2A agreement.

Plaintiff respectfully requests that Boeing's motion be denied, and the Court instead order Boeing to comply with the parties' CR2A Agreement by funding the settlement without further delay.

## II. PLAINTIFF'S COUNTER-STATEMENT OF FACTS

This is an employment discrimination, retaliation and wrongful termination action by Plaintiff against Boeing. It was originally commenced by Plaintiff on June 5, 2017, and subsequently was removed by Boeing to this Court.

At the time of removal, Plaintiff was represented by George O. Tamblyn, Vera P. Fomina, and Gregory M. Skidmore, of MILG. Dkt. 1-2, Fomina Decl. ¶ 2. As of February 20, 2018, Ms. Fomina and Mr. Skidmore departed MILG to form their own firm, Skidmore & Fomina, PLLC ("SF"). Fomina Decl. ¶ 3. Plaintiff elected to transfer her representation in this matter to SF for further handling. *Id.*

On March 9, 2018, George Tamblyn of MILG filed a Notice of Withdrawal stating that effective March 2, 2018, he and his firm would no longer continue as counsel of record for Plaintiff. Mr. Skidmore and Ms. Fomina of SF currently are attorneys of record for the Plaintiff. Dkt. 18.

On April 3, 2018, MILG filed a Claim of Attorney's Lien Against The Boeing Company. Dkt. 19. MILG claimed "the lien for unpaid fees for services rendered to Jessica Zaretzke in th[is] action in the amount of up to 45% of the gross recovery on the basis of the contingent fee agreement entered into by the undersigned attorney and Jessica Zaretzke, together with interest." *Id.*

On June 4, 2018, Boeing and Plaintiff (collectively, the "Parties") mediated this action, agreed to a settlement, and executed a Memorandum of Material Terms Subject to CR 2A (the "CR2A Agreement"). Dkt. 0021-1, Ex. A. The CR2A Agreement provides that disbursement of settlement funds would be contingent upon the filing of Release of Claim of Attorney's Lien Against the Boeing Company filed by Mercer Island Law Group and that release would constitute a full and complete release by Mercer Island Law Group of any claims it might have for attorneys' fees, costs, or any other expenses related to this case. *Id.*

SF attempted to negotiate a release of MILG's lien with MILG, but encountered difficulties. In the meantime, SF endeavored to ensure that Plaintiff can timely receive her portion of the settlement.

On June 13, 2018, SF asked Boeing to either (1) release Plaintiff's portion of the settlement funds (the "Non-Disputed Funds") to Plaintiff while retaining the attorneys' fee portion of the funds (the "Disputed Funds") pending release of MILG's lien, or, (2) alternatively, to deposit the Disputed Funds into the Registry of the Court until the dispute between MILG and SF is resolved. Dkt. 0021, Ex. B, Fomina Decl. ¶ 4.

On June 18, 2018, Defendant's counsel responded stating that Boeing would not fund any portion of the settlement until the lien issue was resolved, and the lien release filed. Fomina Decl. ¶ 5, Dkt. 0021, Exh. C.

On July 2, 2018, SF and MILG entered into a CR 2A agreement ("July 2, 2018 CR2A Agreement") pursuant to which MILG agreed to provide "a written full release of MILG's attorneys' lien" in this case, provided that all Non-Disputed Funds are remitted to the client as expediently as possible; and the Disputed Funds are held in trust in the IOLTA account of the attorneys representing SF in the fee dispute with MILG, Smith & Hennessey PLLC ("Smith & Hennessey"), pending the resolution of counsel's fee dispute. Fomina Decl. ¶ 6.

On July 9, 2018, MILG filed a Release of Attorney's Lien Against The Boeing Company, which stated that MILG was releasing the attorney's lien that it filed on April 3, 2018. Dkt. 20. The Release of Attorney's Lien Against The Boeing Company stated that the "lien release is made pursuant to, and governed by, the terms of a binding CR 2A Agreement dated July 2, 2018."[1]

On July 12, 2018, SF asked Boeing to release the attorneys' fee portion of the settlement funds to Smith & Hennessey, consistent with the terms of Counsel's CR2A Agreement. Dkt. 21, Ex. D. SF advised Boeing's counsel of the specific amount of Disputed Funds. Fomina Decl. ¶ 7.

---

[1] In its Motion to Enforce, Boeing appears to conflate the Parties' June 4, 2018 CR2A Agreement with Counsel's CR2A Agreement dated July 2, 2018. *See* Mtn. at 2 fn 1. These are two separate agreements.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO ENFORCE SETTLEMENT - 5

SKIDMORE | FOMINA, PLLC
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154

On July 17, 2018, Defendant's counsel responded that "Boeing cannot pay Ms. Zaretzke until the attorneys' fee issue between your firm and Mercer Law Group is resolved." Dkt. 21, Ex. E.

On August 7, 2018, SF emailed Boeing's attorneys stating that pursuant to the June 4, 2018 CR2A agreement, a full and complete release of the attorney lien has been filed by MILG, and thus the sole condition for payment under the CR2A had been met. SF also advised Boeing's counsel that "MILG and SF Law entered into a CR2A to have the attorney's fees portion of the settlement funds to be held in trust by Smith & Hennessey. Unless Boeing makes payment of the attorneys' fees portion of the settlement funds to Smith & Hennessey and sends Ms. Zaretzke's settlement funds directly to Ms. Zaretzke, we will have no choice but to move to enforce the CR2A." Fomina Decl. ¶ 8, Ex. A.

On August 21, 2018, Defendant's counsel informed SF that Boeing intended to file a motion to enforce the June 4, 2018 CR 2A agreement. On the same date, the Parties met and conferred telephonically regarding Boeing's Motion to Seal and Motion to Enforce Settlement. Fomina Decl. ¶ 8. SF requested copies of both motions and advised that Plaintiff, SF and MILG might be able to enter into a stipulation to avoid unnecessary motion practice. Fomina Decl. ¶ 9.

After reviewing the motions, SF advised Boeing that Boeing's motion is wholly unnecessary, and that given the prior discussions among counsel and the full

release filed by MILG, there is no reason why Boeing should resist funding the settlement and closing this matter. Fomina Decl. ¶ 10. Despite this, Boeing filed its baseless Motion to Enforce.

### III. LEGAL ARGUMENT

Plaintiff does not dispute any of her obligations under the CR 2A Agreement with Boeing. Rather, Plaintiff contends that that the condition imposed under that agreement – a full release of MILG's attorneys' fee claims in this matter against Boeing – has been fulfilled. Boeing has been advised multiple times of the specific amount of attorneys' fees which comprise the Disputed Funds, and has been asked, time and again, to deposit this amount into a trust account pursuant to an agreement between MILG and SF.

Despite this, Boeing continues to insist that it is not obligated to fund its settlement with Plaintiff until the dispute between SF and MILG is fully and finally resolved. This is unreasonable. The intramural dispute between Plaintiff's predecessor and successor counsel may continue for months, and may or may not be the subject of separate legal proceedings. It is unreasonable for Boeing to hold Plaintiff's funds hostage during this timeframe, particularly since Boeing also has declined to stipulate to a stay in this action pending the resolution of counsel's dispute. It appears that Boeing seeks to improperly leverage the dispute between Plaintiff's attorneys for its own benefit to attempt to prejudice Plaintiff's rights,

including her claims against Boeing, and her right to timely receive her share of the settlement funds.

The Parties settled this case more than two months ago, and MILG has filed a full release of its lien for attorneys' fees. Given this, Boeing's motion to Enforce is wholly unnecessary. The only obstacle to finalizing and executing the settlement agreement continues to be Boeing's own recalcitrance and unwillingness to move forward on the basis of MILG's full release of its lien, which, again, has already been filed. With its lien release, MILG no longer has any claims against Boeing in connection with this matter.

Boeing's continued insistence on a more comprehensive release from MILG is unreasonable and prejudicial to Plaintiff. Boeing's motion should be denied in its entirety, and Boeing should be ordered to comply with the terms of the Parties' CR2A Agreement.

### III. CONCLUSION

In light of the foregoing, Plaintiff respectfully requests that the Court issue an order directing Boeing to disburse Plaintiff's portion of the settlement funds to SF, and to direct payment of the attorney's fee portion of the settlement funds – the amount of which is not in dispute – to the IOLTA account of Smith & Hennessey.

DATED this 10th day of September 2018.

| | |
|---|---|
| 1 | /s/ Vera Fomina |
| | Vera P. Fomina, WSBA #49388 |
| 2 | vfomina@skidmorefomina.com |
| 3 | Gregory M. Skidmore, WSBA #47462 |
| | gskidmore@skidmorefomina.com |
| 4 | *Attorneys for Plaintiff* |

# CERTIFICATE OF SERVICE

I, VERA FOMINA, certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document listed below, in the manner noted on the following entity:

1) Plaintiff's Response to Defendant's Motion to Enforce Settlement; and

2) Declaration of Vera Fomina and all exhibits thereto.

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| Laurence A. Shapero<br>1201 Third Avenue, Suite 510<br>Seattle, WA 98101<br>Laurence.shapero@ogletree.com<br><br>Clifford Sethness<br>Nancy Villarreal<br>300 South Grand Avenue, 22nd Floor<br>Los Angeles, CA 90071-3132<br>Clifford.sethness@morganlewis.com<br>Nancy.villarreal@morganlewis.com | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☒ CM/ECF<br>☐ U.S. Mail |

*Dated this 10th day of September 2018.*

Skidmore | Fomina, PLLC
/s/ *Vera Fomina*
Vera P. Fomina